The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN B. SHATTUCK,

          Plaintiff,

    v.

A1A, INC, et al.,

          Defendants.

Civil Action No. 2:21-cv-00945-BJR

ORDER GRANTING STAY; DENYING
EXPEDITED REVIEW; DEFERRING
JUDGMENT ON REMAND

## I.      INTRODUCTION

Plaintiff John B. Shattuck filed this products liability lawsuit against the manufacturers, distributors, and marketers of a hip implant referred to as the "Pinnacle Device."  Plaintiff alleges that defendants Medical Device Business Services, Inc. (f/k/a, Depuy, Inc., Depuy Orthopedics, Inc., Depuy Orthopaedics, Inc.), Depuy Synthes Sales, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson ("Manufacturer Defendants") designed and manufactured the defective Pinnacle Device, and that A1A, Inc. and David Eva ("Distributer Defendants") (collectively, "Defendants") distributed and marketed the Device, knowing that it could have been defective.[1]

---

[1] Plaintiff also names "John Does 1-10" as defendants, but the Court cannot ascertain who Plaintiff suspects these individuals are or what allegations are brought against them.

Plaintiff originally filed this action in Washington Superior Court, but Defendants removed to this Court. Before the Court is Plaintiff's motion to remand, Plaintiff's motion for expedited review, and Defendants' motion for a stay. Having reviewed the motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant Defendants' motion for a stay, deny Plaintiff's motion for expedited review, and defer ruling on Plaintiff's motion to remand. The reasoning for the Court's decision follows.

## I.    BACKGROUND

In July 2021, Defendants removed this case based on diversity jurisdiction. *See* Dkt. No. 1. Plaintiff is a Washington citizen, and both parties agree that Distributer Defendants, also Washington citizens, destroy diversity if properly joined. *See* Dkt. No. 11 at 15-16; Dkt. No. 28 at 1-2. However, Defendants allege that Distributer Defendants are fraudulently joined in order to defeat diversity jurisdiction, and that Plaintiff cannot state a claim against those defendants. Dkt. No. 28 at 1-3. Both parties make arguments on the merits of the claims against Distributer Defendants. *See* Dkt. Nos. 11, 28, 32.

On July 19, 2021, Defendants filed notice of a related case, an MDL in the Northern District of Texas that has been handling products liability suits involving DePuy hip-replacement products since 2011. *See* Dkt. No. 19; *In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, 3:11-mdl-2244-K (N.D. Tex.). On July 21, the Judicial Panel on Multidistrict Litigation ("JPML") issued a conditional transfer order and scheduled its final transfer determination for September 30, 2021. Dkt. No. 18 at 3. Plaintiff immediately filed a motion for expedited review, requesting that this Court rule on his motion to remand before September 30. *See* Dkt. 18. Defendants opposed the motion and filed a motion to stay the case until the JPML decides whether to transfer the case to the MDL. Dkt. Nos. 12, 26.

## II.    DISCUSSION

The Court will first address Defendants' motion for a stay, because the Court's decision on that motion necessarily determines the outcome of Plaintiff's motions.

"The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of a matter to the JPML lies within the court's discretion." *Short v. Hyundai Motor America Inc.*, 2019 WL 3067251, at *2 (W.D. Wash. July 12, 2019). The Court considers three factors to determine whether a stay is warranted: "(1) the potential prejudice to the nonmoving party if a stay is granted; (2) the hardship to the moving party if a stay is denied; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the JPML grants the transfer motion." *Id.* In the context of a pending MDL transfer, the possibility of duplicative litigation is the "most important factor." *Id.* (citation omitted); *Stuart v. DaimlerChrysler Corp.*, No. 1:08-CV-0632 OWW GSA, 2008 WL 11388470, at *3 (E.D. Cal. Dec. 23, 2008).

Additionally, Defendants cite a "general rule [that] federal courts . . . defer ruling on pending motions to remand in MDL litigation until after the JPM[]L" decides whether to transfer the case. Dkt. 28 at 5 (citing *Zamudio v. 3M Co.*, No. 19cv2277 W (BGS) 2020 WL 406317, at *1 (S.D. Cal. Jan. 24, 2020)). Defendants' characterization of the law is supported by a long list of DePuy-related cases in which district courts in the Ninth Circuit and around the country have granted stays pending a JPML decision. *See* Dkt. No. 28 at 5-6. Notably, several of the cases Defendants cite stayed remand motions involving allegations of fraudulent joinder. *See, e.g.*, *Sobera v. DePuy Orthopaedics, Inc.*, No. 14-cv00979-SC, 2014 U.S. Dist LEXIS 57533, at *8 (N.D. Cal. Apr. 23, 2014) ("Allowing the MDL to decide the fraudulent joinder issue avoids unnecessary duplicative litigation across several federal districts."); Dkt. No. 28 at 5-6; Dkt. No. 26 at 2-3. Defendants thus argue that if the Court were to rule on Plaintiff's remand motion now, it would be departing from a widely accepted judicial practice of deferring to the MDL court. Dkt. No. 26 at 3-4.

1

2        Plaintiff do not contest this general rule of deference, but instead argues, under the three

3    factors cited above, that he will be prejudiced by a stay and that the risk of inconsistent judgments

4    is overstated.  *See* Dkt. No. 33.

5        In claiming "prejudice to the nonmoving party," Plaintiff's principal argument is that, if this

6    case is transferred to the MDL, he will be "subject to substantive Case Management Orders,

7    including CMO 12 . . . and CMO 5."  *Id.* at 1.  According to Plaintiff, CMO 5 has "stay[ed] all

8    motions for remand . . . as of June 2012."  *Id.*  CMO 12 allegedly imposes "onerous requirements"

9    including "discovery and case-specific expert reports."  *Id.* at 2.

10       As to the risk of inconsistent rulings, Plaintiff attempts to distinguish and downplay the

11   significance of the other DePuy cases cited by Defendants.  Plaintiff's argument is essentially that

12   Defendants' supporting cases are old (from 2011-2014) and that the MDL has fundamentally

13   changed, such that it is no longer the most efficient forum for this dispute.  Plaintiff states that

14   "[c]ircumstances in the MDL are much different in 2021, ten years later, when the MDL was in its

15   twilight."  *Id.* at 5.  Moreover, "[t]he efficiency that is contemplated by consolidation of similar

16   cases for pre-trial work . . . and avoidance of inconsistent rulings is no longer a viable factor as the

17   pre-trial work up and dispositive motion practice is complete."  *Id.*

18       Plaintiff cites no support for this broad critique of the Texas MDL, and the Court has no

19   reason to believe that the MDL is somehow defunct or winding down.  In fact, the JPML continues

20   to accept DuPuy cases, and the Court takes notice that at least one such case was transferred to

21   MDL No. 2244 in May 2021.  *See Murphy v. KB Orthopedics, Inc., DePuy Synthes Sales, Inc.,*

22   *Medical Device Business Services, Inc., Johnson & Johnson, John Does 1-10, Johnson & Johnson*

23

24

25

26

27

*Services, Inc. and Karl Buhr*,[2] Case No. 4:2021cv00049 (D. Mont.).   That case, *Murphy*, also involved a remand motion, and the plaintiff there argued that transfer was inappropriate because the MDL court lacked subject-matter jurisdiction.   *See* Case No. 11-mdl-2244, Dkt. No. 2418 at 1. The JPML rejected this argument, stating that "[t]he Panel has held that such jurisdictional objections generally do not present an impediment to transfer." *Id.*

Given that the MDL court is presently accepting cases that are very similar to this one, this Court finds that considering Plaintiff's remand motion before the JPML transfer decision would present a serious risk of inconsistent judgments and duplicative litigation.   The prejudice Plaintiff claims he will suffer—being forced to comply with the "onerous requirements" of the MDL's case managements orders—is not within this Court's control.   To the extent Plaintiff has colorable arguments that transfer would be unduly burdensome, he can present those arguments to the JPML in opposing transfer.   This Court, however, will not step in and preempt the panel's decision.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion for a stay (Dkt. No. 12) is HEREBY GRANTED, and this case is stayed pending the JPML's September 30 decision.   Plaintiffs' motion for expedited review (Dkt. No. 18) is HEREBY DENIED as moot.   The Court defers ruling on Plaintiff's motion to remand until after the JMPL decision.

Dated this 30th day of August, 2021.

_____
Hon. Barbara J. Rothstein
United States District Judge

---

[2] The Court notes that the defendants named in *Murphy* are nearly identical those named in this case.